```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

MOHAMMED WILLIAMS,

        Petitioner,

vs.                                        Case No. 3:13-cv-621-J-39PDB

SECRETARY, DOC, et al.,

        Respondents.

_____

## ORDER

### I. STATUS

This cause is before the Court on a Third Amended Petition for Writ of Habeas Corpus (Petition) (Doc. 22) under 28 U.S.C. § 2254, as clarified by a more definite statement (Doc. 31).[1] The Petition challenges a 2012 state court (Duval County) conviction for aggravated assault on a law enforcement officer, resisting an officer with violence, leaving the scene of an accident involving attended property, reckless driving, and unauthorized temporary use

---

[1] With respect to the Petition, the Court will reference the page numbers assigned through the electronic docketing system.

of a motor vehicle.  Id. at 1.  Two grounds remain: (1) a claim that Petitioner was illegally held because the trial court failed to properly apply Rule 3.134, Fla. R. Crim. P., and release Petitioner, and (2) a claim of ineffective assistance of counsel for failure to convey to Petitioner and the court that the motions for pre-trial release were properly submitted and that Petitioner was entitled to release from custody.[2]  Upon review, no evidentiary proceedings are required in this Court.

Respondents filed an Answer in Response to Order to Show Cause and Third Amended Petition for Writ of Habeas Corpus (Doc. 38)[3] with Exhibits.[4]  Petitioner filed a reply (Doc. 39).  See Order (Doc. 24).

## II.  STANDARD OF REVIEW

The Court will analyze Petitioner's two claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."  Harrington v. Richter,

---

[2] Although the Petition contains four claims, Petitioner sought to strike grounds three and four (Doc. 36), and the Court struck grounds three and four.  Order (Doc. 37).

[3] Respondents do not contend that the Petition is untimely.

[4] The Court will refer to the Exhibits (Doc. 38) as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the particular document will be referenced.

562 U.S. 86, 98 (2011).  The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 100.

Of import, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

### III.   PROCEDURAL HISTORY

With regard to this opinion, the following pertinent history transpired.  On January 7, 2012, the police arrested and detained Petitioner.  Ex. C at 1-6.  On January 27, 2012, Petitioner, through his public defender, filed a Motion for Adversary Preliminary Hearing.  Id. at 15-16.  On January 31, 2012, he filed an Amended Motion for Adversary Preliminary Hearing.  Id. at 17-18.  Thereafter, on February 8, 2012, he filed a Motion for Release Due to Failure of the State to File Charges.  Id. at 19-20.  Finally, on February 16, 2012, he filed a Motion for Release Due to Failure of the State to File Charges.  Id. at 21-22.  On February 17, 2012, the state filed an information.  Id. at 23-24.

On April 10, 2012, Petitioner signed a Plea of Guilty form. Id. at 29-30.  Petitioner pled straight up to the court.  Id. at

72. On May 1, 2012, judgment and sentence were entered. The court sentenced Petitioner to four years imprisonment on counts one and two, 115 days incarceration on counts three and four, all concurrent with 115 days credit for time served, and time served of 60 days on count six. Id. at 32-40, 109.

Petitioner appealed. Ex. D. On December 3, 2012, the First District Court of Appeal per curiam affirmed. Ex. E. The mandate issued on December 31, 2012. Ex. F.

Petitioner filed a Rule 3.850, Fla. R. Crim. P., Motion for Post-Conviction Relief. Ex. U; Ex. V; Ex. W. At the time of the filing of the state's Response, Petitioner's motion for post conviction relief remained pending. Response at 3.

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Ground One

In his first ground, Petitioner claims that he was illegally held because the trial court failed to properly apply Rule 3.134, Fla. R. Crim. P., and release him. Respondents assert that this claims is both moot and without merit. Response at 7. They also contend that the claim is not cognizable in this habeas proceeding because it is a matter of purely state law. Id.

Petitioner, in ground one, is asking that this court enforce a state created right. The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing

Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).  As a result, federal habeas relief does not lie for errors of state law.

Petitioner complains that although motions for release were filed, he was not provided pre-charge release pursuant to Rule 3.134, Fla. R. Crim. P.  Of import, the purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.  See Coleman v. Thompson, 501 U.S. 722 (1991).  Only in cases of federal constitutional error will a federal writ of habeas corpus be available.  See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).  It is not the province of this Court to reexamine the state-court determination on an issue of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

This Court is bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate.  McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).

Here, there has been no breach of a federal constitutional mandate.

Petitioner has presented a state law claim, not a claim of constitutional dimension. Since ground one presents an issue of state law that is not cognizable in this proceeding, this ground cannot provide a basis for federal habeas corpus relief. Therefore, Petitioner is not entitled to relief on ground one.

Alternatively, this ground is without merit since the state filed an information before a hearing on the motion for release, thus curing any error. Ford v. Campbell, 697 So.2d 1301, 1303 (Fla. 1st DCA 1997). The intended purpose of this type of rule is to "force the state to formally charge the accused as soon after arrest as practical." Bowens v. Tyson, 578 So.2d 696, 697 (Fla. 1991). A motion to release is used to put the state on notice that it must file an information or indictment, show good cause for delay, or prompt the release of the accused. Id. If prior to the hearing on the motion to release the state files an information, "the purpose of the rule is served." Id.

In the alternative, ground one is moot. A claim for pretrial release is rendered moot once Petitioner enters a plea and is convicted:

> Courts have held that a claim concerning pretrial bail becomes moot upon a defendant's plea or conviction. See Murphy v. Hunt, 455 U.S. at 481-82, 102 S.Ct. 1181, 1183 (holding that claim to pretrial bail was rendered moot by conviction); see, e.g., United States v. Vachon, 869 F.2d 653, 656 (1st Cir. 1989) (same); United States v. O'Shaughnessy, 772 F.2d 112, 113 (5th Cir. 1985) (per curiam)

> (observing that after the defendant's conviction, "[n]either pretrial detention nor release on pretrial bail may now be ordered"); United States v. Buckbee, 3 Fed. Appx. 563 (7th Cir. 2001) (unpublished opinion) ("Any claim to pretrial release became moot once [the defendant] pleaded guilty."); United States v. Taylor, 814 F.2d 172, 174 (5th Cir. 1987) (holding that the following claims were rendered moot by guilty plea: claims that the prosecution breached a pretrial agreement or acted vindictively, that the defendant was not promptly taken before a United States Magistrate, that the court did not rule on pretrial motions, and that the defendant's pretrial detention was illegal); Johnson v. Glover, 2006 WL 1008986 (M.D. Fla. 2006) (dismissing § 2254 petition as moot where petitioner sought a reduction in the pretrial bail amount set on a second degree assault charge, concluding: "It is clear that Johnson's claim regarding pretrial bail became moot upon either his conviction of the underlying offense and/or his transfer to state custody for service of sentences imposed for various felony convictions) see also, e.g., Hernandez v. Brooks, 176 F.3d 488 (10th Cir. 1999) (Table, text in WestLaw) (concluding that a habeas petitioner's claim for release pending his parole revocation hearing became moot once the revocation hearing was held).

Bilal v. Hadi, No. 3:06cv224/LAC/MD, 2006 WL 3201324, at *2 (N.D. Fla. Nov. 2, 2006).

Based on the above, Petitioner is not entitled to habeas relief on ground one. Therefore, ground one is due to be denied.

### B. Ground Two

In his second ground, Petitioner raises a claim of ineffective assistance of counsel for failure to convey to Petitioner and the court that the motions for pre-trial release were properly

submitted and that Petitioner was entitled to release from custody. Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Petitioner has failed to demonstrate that his counsel's performance was deficient. His counsel filed the appropriate motions to release. Ex. C at 19-22. Prior to a hearing on the substance of the motion to release, the state cured any error by filing the information. As noted by Respondents, counsel's performance was "plainly not deficient" in this regard. Response at 13.

Counsel's representation did not fall below an objective standard of reasonableness. Moreover, Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. The state cured the error by filing the information; therefore, Petitioner's claim for pre-trial release was no longer viable. There were no additional actions defense counsel could have

undertaken after the state filed the information that would have altered the fact that the state had cured its deficiency. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice. Petitioner is not entitled to habeas relief on ground two.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Third Amended Petition (Doc. 22) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Third Amended Petition, **the Court denies a certificate of appealability**.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 2015.

                                              _____
                                              BRIAN J. DAVIS
                                              United States District Judge

sa 11/10
c:
Mohammed Williams
Counsel of Record